UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



----

SHANNON POULSON,

                                    Plaintiff,

        -against-

EXPERIAN INFORMATION SOLUTIONS,
INC.; R&B CORPORATION OF VIRGINIA,

                                    Defendants.

----

21-CV-2059 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

        Plaintiff, currently incarcerated in FCI Otisville, brings this *pro se* action under the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, alleging that Defendants violated his

rights. By order dated April 23, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

        Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that summonses and the complaint be served within 90 days

of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint until the Court reviewed the complaint and ordered that

----

[1]        Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Experian Information Solutions, Inc. (Experian) and R&B Corporation of Virginia (R&B) through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 form with the addresses for Experian and R&B, issue summonses, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:   April 26, 2021
         White Plains, New York

                                                VINCENT L. BRICCETTI
                                                United States District Judge

3

## DEFENDANTS AND SERVICE ADDRESSES

1.     Experian Information Solutions, Inc.
   c/o CT Corporation System
   28 Liberty Street
   New York, NY 10005

2.     R&B Corporation of Virginia
   11821 Rock Landing Drive
   Newport News, VA 23606